1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM JOSEPH HEDGCOTH,

11            Plaintiff,                    No. CIV S-11-1328 JAM EFB PS

12        vs.

13   KEN ELWER, et al.,

14            Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16        Plaintiff requested authority under 28 U.S.C. § 1915 to proceed in this action *in forma*

17   *pauperis*, and submitted an affidavit purporting to demonstrate that he is unable to prepay fees

18   and costs or give security for them.  Dckt. No. 2.  However, because the affidavit was not signed

19   or dated, on May 26, 2011, the undersigned issued an order directing plaintiff to file, within

20   fourteen days, a further affidavit which is dated and signed under penalty of perjury.[1]  Dckt. No.

21   3.  The court stated that it would then resume consideration of plaintiff's application to proceed

22   *in forma pauperis*.

23   _____

24        [1] Further, the court noted that it is unclear from plaintiff's complaint what relief plaintiff
     seeks or whether plaintiff is alleging a cognizable claim.  Pursuant to 28 U.S.C. § 1915(e)(2), the
     court is directed to dismiss the case at any time if it determines that the action is frivolous or
25   malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
     an immune defendant.  Nonetheless, the court deferred ruling on these issues until after
26   plaintiff's *in forma pauperis* status is determined.

                                          1

1    The docket reveals that no further affidavit was filed.  Therefore, the court finds that

2    plaintiff has failed to demonstrate that he has insufficient assets to pay the filing fee and costs

3    and provide the necessities of life for himself and his dependents.  *Martinez v. Kristi Kleaners,*

4    *Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004) (affidavit is sufficient if it represents that the litigant

5    is "unable to pay for the court fees and costs, and to provide necessities for himself and his

6    dependents") (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948));

7    *see also Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.

8    1988) (denying *in forma pauperis* status where applicant had a net income of approximately

9    $20,000).  Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to

10   proceed *in forma pauperis* be DENIED, and that plaintiff be given thirty days in which to pay

11   the filing fee of $350.00.

12       These findings and recommendations are submitted to the United States District Judge

13   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

14   after being served with these findings and recommendations, any party may file written

15   objections with the court and serve a copy on all parties.  Such a document should be captioned

16   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

17   shall be served and filed within fourteen days after service of the objections.  The parties are

18   advised that failure to file objections within the specified time may waive the right to appeal the

19   District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,

20   951 F.2d 1153, 1157 (9th Cir. 1991).

21       SO ORDERED.

22   DATED:  July 5, 2011.

23                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE

24

25

26

2